UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVAN BOYD,

        Plaintiff,

   v.                                                  Case No. 20-C-1285

SARA MILLER,

        Defendant.

## DECISION AND ORDER

    Plaintiff Ivan Boyd, a prisoner at the Redgranite Correctional Institution who is representing himself, is proceeding on an Eighth Amendment deliberate indifference claim and a state law negligence claim against Defendant Sara Miller based on assertions that she failed to provide him with a replacement hose for his CPAP machine. On August 30, 2021, Miller filed a motion for summary judgment. The Court will grant her motion and dismiss this case.

## BACKGROUND

    In late May and early June 2020, Miller, a contract nurse working at Redgranite, was tasked with performing COVID-19 wellness checks on the inmates living in Boyd's unit. On May 29, 2020, Boyd, who had been diagnosed with moderate to severe obstructive sleep apnea, informed Miller that he was having problems with his CPAP sleep apnea equipment. According to Boyd, Miller inspected his machine and confirmed that it was not working properly. Boyd asserts that Miller told him she would look further into the matter and return later that day. She also instructed him to submit a health services request (HSR) to the health services unit (HSU). Later that day, Miller emailed Boyd confirming her instruction that he submit an HSR. She also wrote, "[u]ntil

we are able to look further into it keep trying the CPAP." Dkt. Nos. 39, 43 ¶¶1-12; Dkt. No. 47 at ¶1.

As instructed, Boyd submitted an HSR on May 29, 2020, requesting a new hose for his CPAP machine. The next day, HSU responded and advised Boyd that he was not yet eligible for a hose replacement. Boyd submitted a second HSR about a week later. On June 9, 2020, he submitted a third HSR stating, "I informed R.N. Miller about this multiple times she said HSU would look into this matter?" Miller was not involved in receiving, screening, or responding to any HSR Boyd filed. Boyd asserts that, in the early morning hours of June 10, 2020, he woke up and was unable to catch his breath; he thinks he may have lost consciousness. An on-call nurse responded to Boyd's call for help about thirty minutes later and gave Boyd a replacement hose for his CPAP machine. Dkt. Nos. 39, 43 at ¶¶15-20; Dkt. No. 47 at ¶¶13-15.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence

of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

Boyd asserts that Miller was deliberately indifferent to his serious medical condition when she failed to provide him with a replacement hose for his CPAP machine despite his multiple requests. Miller denies Boyd's claim, arguing that his need for a replacement hose was not an objectively serious condition and, in any case, she was not deliberately indifferent to his need because she informed him of the proper process for making his request.

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment: It asks: (1) "whether a plaintiff suffered from an objectively serious medical condition," and (2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016)).

Boyd has presented evidence from which a jury could reasonably conclude that he suffered from an objectively serious medical condition. As he explains, years ago he was diagnosed with moderate to severe sleep apnea, for which he was prescribed a CPAP machine. No jury, however, could reasonably conclude that Miller was deliberately indifferent to that condition.

The parties agree that Boyd approached Miller while she was conducting COVID-19 wellness checks. Boyd asserts that she inspected his CPAP machine, confirmed it was not

3

functioning properly, and then directed him to notify HSU by submitting an HSR. Boyd asserts that Miller said she would come back later that day. Although she did not physically return to speak to Boyd, the parties agree that she followed up with Boyd in an email, again instructing him that he should notify HSU by submitting an HSR. Boyd did as instructed, but whoever received his HSR, denied his request. The parties agree that Miller did not receive Boyd's HSR, nor did she deny his request.

Long ago, the Seventh Circuit explained that responsibilities at prisons are divided among staff and "no prisoner is entitled to insist that one employee do another's job." *Burks v. Raiemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As the appellate court observed, "people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen." *Id.* The appellate court rejected the view that "everyone who knows about a prisoner's problem must pay damages," emphasizing that "public employees are responsible for their own misdeeds but not for anyone else's" because under §1983 "there is no general duty of rescue." *Id.* (citations omitted).

It is undisputed that Miller did not ignore Boyd. To the contrary, she looked at his CPAP machine to see if she could immediately address his concern, and when she could not, she informed him (twice) of the proper process for requesting a replacement hose. Boyd asserts that the process she directed him to was initially unsuccessful, but Miller is not responsible for another person's decision to deny his request. Boyd also asserts that, after his request was denied, he continued to ask Miller to help, but she was not obligated to do someone else's job, and Boyd presents no evidence suggesting that Miller had the responsibility or authority to review her colleague's decision. In fact, the parties agree that Miller was not involved in reviewing or responding to Boyd's HSR. Miller pointed Boyd in the right direction so he could present his request to someone

4

in a position to address his needs. In these circumstances, that is all the Constitution required of her.

Finally, Boyd asserts a common-law negligence claim; however, because the Court has concluded that he has no federal claim, the Court will relinquish supplemental jurisdiction over the negligence claim. *See* 28 U.S.C. §1367(c)(3); *Lavite v. Dunstan*, 932 F.3d 1020, 1034 (7th Cir. 2019). If Boyd wants to pursue that claim, he may do so in state court.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Miller's motion for summary judgment (Dkt. No. 35) is **GRANTED** and this case is **DISMISSED**. Boyd's Eighth Amendment claim is dismissed with prejudice, but his state law negligence claim is dismissed without prejudice. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 29th day of October, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.